IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY GOLDSTEIN PRODUCTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:22-CV-2780-D |
| THE E.W. SCRIPPS COMPANY, et al., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Bobby Goldstein Productions, Inc. ("BGP") brings this copyright infringement action against defendants the E.W. Scripps Company; Scripps Media, Inc.; Katz Broadcasting, LLC, d/b/a Scripps Networks; and Ion Media Networks, Inc., d/b/a Scripps Networks. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted and under Rule 12(b)(7) for failure to join an indispensable party. For the reasons that follow, the court denies the motion.

I

The court recounts only those facts that are necessary to understand this decision.[1] BGP exclusively owns the copyrights for numerous episodes of the reality television show

---

[1] In deciding this motion—whether based on Rule 12(b)(6) or Rule 12(b)(7)—the court accepts all factual allegations in the original complaint for copyright infringement as true and draws any inferences in favor of BGP. *See Dozier v. Sygma Network, Inc.*, 2016 WL 949745, at *2 (N.D. Tex. Mar. 14, 2016) (Boyle, J.).

*Cheaters* (the "*Cheaters* episodes").  Defendants own and operate several broadcast television stations and streaming services through which they distribute television content, including the *Cheaters* episodes.  Sometime before October 2022 BGP became aware that defendants were broadcasting the *Cheaters* episodes over the Internet in a way that BGP maintains infringes its copyrights.  According to BGP's original complaint for copyright infringement ("complaint"), defendants have infringed BGP's copyrights by entering into contracts with various streaming-based television content distributors, such as Amazon and Roku, that "do not place sufficient designated market area restrictions or do not place any geographic restrictions on which users in the United States can watch [defendants' stations.]" Compl. ¶ 19.  BGP sues defendants for copyright infringement, contributory copyright infringement, and vicarious copyright infringement, and it seeks damages and injunctive and declaratory relief.

Defendants now move to dismiss BGP's action under Rule 12(b)(6).  Attached to their motion is a contract that purports to be a licensing agreement (the "licensing agreement") between defendants and Trifecta Entertainment, LLC ("Trifecta"), an entity that apparently serves as BGP's licensing agent.  The licensing agreement permits defendants to distribute the *Cheaters* episodes on their stations and via any Internet-based retransmission of their stations.  The agreement also provides that Trifecta will indemnify defendants "against any and all third-party claims, demands, liabilities, costs or expenses … arising from or in connection with an actual or alleged breach" of the licensing agreement.  Ds. Br. (ECF No. 21-1) Ex. 1 at ¶ 13.  Based on this licensing agreement, defendants move to dismiss under

- 2 -

Rule 12(b)(6), contending that BGP has failed to state a claim on which relief can be granted because having a license to use the copyrighted works is an affirmative defense to a claim of infringement.  Alternatively, if the court concludes that it cannot consider the licensing agreement at this stage, defendants ask the court to convert their motion to dismiss into a motion for summary judgment pursuant to Rule 12(d).

Defendants also move to dismiss under Rule 12(b)(7) for failure to join an indispensable party.  They maintain that Trifecta, the licensing agent, is indispensable to this lawsuit but cannot be joined, so the court should dismiss this case under Rule 12(b)(7).

BGP opposes defendants' motion, which the court is deciding on the briefs, without oral argument.

## II

The court turns first to defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.  Defendants maintain that the court should dismiss this action because the existence of the licensing agreement is an affirmative defense to any claim of copyright infringement.

### A

Under Rule 12(b)(6), the court evaluates the pleadings by "accepting 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive defendants' motion to dismiss, BGP must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Read-A-Thon Fundraising Co., Inc. v. 99Pledges, LLC*, 2022 WL 2704043, at *2 (N.D. Tex. July 12, 2022) (Fitzwater, J.) (internal quotation marks and alterations omitted) (quoting *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.)).  In other words, defendants are not entitled to dismissal unless BGP "has pleaded itself out of court by admitting to all of the elements of the defense." *Id.* (alteration omitted) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)).  "[T]he existence of a license authorizing the use of copyrighted material is an affirmative defense to an allegation of infringement." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (quoting *Carson v. Dynegy, Inc.*, 344 F.3d 446, 451 n.5 (5th Cir. 2003)).

B

The court concludes for two reasons that BGP has not pleaded itself out of court. First, the court cannot consider the licensing agreement at the Rule 12(b)(6) motion to dismiss stage.[2]  "[I]t is well established that, when ruling on a Rule 12(b)(6) motion 'the

---

[2]Also, the court in its discretion declines to convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d).  *See, e.g.*, *Sheckleford v. VSE Corp.*, 2019 WL 1275227, at *3 (N.D. Tex. Mar. 20, 2019) (Fitzwater, J.).

- 4 -

court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Read-A-Thon Fundraising*, 2022 WL 2704043, at \*2 (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). The licensing agreement is not attached to, nor is it explicitly mentioned in, the complaint. As the master of its complaint, BGP is free to abstain from expressly discussing the licensing agreement and its terms. The fact that the nature of BGP's claims implies the existence of an agreement between the parties regarding distribution of the *Cheaters* episodes is not controlling. And without the licensing agreement, it is not clear on the face of the complaint that defendants have an affirmative defense to BGP's copyright infringement claims.

Second, in the alternative, assuming *arguendo* that the court could consider the licensing agreement in deciding defendants' Rule 12(b)(6) motion to dismiss, it is not clear that the terms of the agreement foreclose BGP's copyright infringement claims. The parties appear to disagree about the scope of the license that was granted to defendants, and BGP's claims are based almost exclusively on the contention that some of defendants' actions are objectionable, presumably because they are not permitted under the licensing agreement. Neither BGP's nor defendants' interpretation is obviously correct. These facts are sufficient to establish that, even were the court to consider the licensing agreement as part of the pleadings, defendants' affirmative defense to BGP's copyright infringement claims is not clear on the face of the pleadings.

Accordingly, the court denies defendants' Rule 12(b)(6) motion to dismiss for failure

to state a claim.

III

The court turns next to defendants' Rule 12(b)(7) motion to dismiss for failure to join an indispensable party.

A

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19."  Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).  "Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).  First, the court must decide whether the party is a necessary or required party who should be added pursuant to Rule 19(a).  In relevant part, that rule states:

> **(a) Persons Required to be Joined if Feasible.**
>
> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(1).  Under Rule 19(a), "[i]t is not feasible to join a party … if the party is not

- 6 -

subject to personal jurisdiction[.]" *GTG Holdings, Inc. v. Amvensys Cap. Grp., LLC*, 2015 WL 4634557, at *2 (N.D. Tex. Aug. 3, 2015) (Lynn, J.).

If the party is a necessary party, as defined in Rule 19(a)(1), but cannot be joined because joinder is infeasible, "the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Hood*, 570 F.3d at 629 (quoting *HS Res.*, 327 F.3d at 439). The factors that the court must consider in making this determination are set out in Rule 19(b).

> The factors for the court to consider include:
>
> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> **(2)** the extent to which any prejudice could be lessened or avoided by:
>> **(A)** protective provisions in the judgment;
>> **(B)** shaping the relief; or
>> **(C)** other measures;
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

If, after considering these factors, the court determines that the litigation cannot reasonably continue without the absent party, then the absentee is deemed "indispensable," and the court should dismiss. *Hood*, 570 F.3d at 628. Thus a Rule 12(b)(7) motion to dismiss will be granted only where there is an absent party who is both necessary and indispensable and whose joinder is infeasible. Generally, courts are reluctant to dismiss outright for failure to join an indispensable party. *See, e.g.*, *Inclusive Communities Project, Inc. v. Tex. Dep't of*

- 7 -

*Housing and Cmty. Affs.*, 2008 WL 5191935, at *9 (N.D. Tex. Dec. 11, 2008) (Fitzwater, C.J.).

"[I]t is well-established that Rule 19 does not require the joinder of joint tortfeasors[,]" nor does it "require joinder of persons against whom [a party has] a claim for contribution." *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (per curiam).  Parties from whom indemnity is sought also may not be required to be joined under Rule 19.  *Harris v. Utopia Fitness, Inc.*, 2013 WL 5502813, at *2 (N.D. Tex. Oct. 3, 2013) (McBryde, J.).

"While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood*, 570 F.3d at 628.  The inquiry is highly fact-dependent, and "[t]he Supreme Court has cautioned that 'whether a particular lawsuit must be dismissed in the absence of [a party] … can only be determined in the context of particular litigation.'" *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019) (alterations in original) (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 117 (1968)).

B

The first question the court must address is whether defendants have satisfied their burden of establishing that Trifecta is a required party under Rule 19(a)(1).  Defendants maintain that Trifecta is a necessary party for several reasons, but they concede that they lack adequate knowledge of Trifecta's business dealings to assert that this court has jurisdiction

over Trifecta.  BGP argues in response that this concession is fatal to defendants' motion to dismiss.

1

Rule 19(a) "presents a threshold question of whether the party is *necessary*."  *Thomas v. S.H.R.M. Catering Servs., Inc.*, 2007 WL 656251, at *1 (S.D. Tex. Feb. 27, 2007) (emphasis in original) (citing Rule 19(a)).  As part of this threshold question, several courts have held that the burden is on the moving party to show that the absent party is "subject to service of process" and that joinder "will not deprive the court of subject-matter jurisdiction." Rule 19(a)(1).  Thus while the issue appears to be unsettled in most circuits, a number of judges of this court have concluded that, to satisfy the requirements of Rule 19(a) and secure dismissal for failure to join an indispensable party, the burden is on the moving party to show that joinder is not feasible—for instance, because the court cannot exercise personal jurisdiction over the absentee.  *See, e.g.*, *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, 2006 WL 8437485, at *7 (N.D. Tex. Feb. 17, 2006) (Solis, J.) ("The burden is on the movant to show that an absent party is necessary, *cannot be joined* and is indispensable such that the action should be dismissed." (emphasis added)); *Thicklin v. Caliber Home Loans, Inc.*, 2019 WL 3536831, at *12 (N.D. Tex. July 16, 2019) (Ray, J.), *rec. adopted*, 2019 WL 3530637 (N.D. Tex. Aug. 2, 2019) (O'Connor, J.).

Other courts agree.  *See, e.g.*, *Thomas*, 2007 WL 656251, at *1 ("In order to secure dismissal for failure to join a party, the defendant must show that there is at least one party: (1) who should be joined if feasible (a necessary party), (2) *whose joinder is not feasible*, and

(3) in whose absence the action cannot proceed in equity and good conscience (an indispensable party)." (internal quotation marks omitted) (emphasis added)); *James v. Valvoline, Inc.*, 159 F.Supp.2d 544, 550 (S.D. Tex. 2001); *Seven Seas Marine Servs. WLL v. Remote Int'l Logistics, LLC*, 2018 WL 704993, at *4 (S.D. Tex. 2018) (concluding that joinder was not feasible where moving party failed to present evidence establishing personal jurisdiction over foreign corporation); *Kim v. Yoo*, 776 Fed. Appx. 16, 20 (2d Cir. 2019) (summ. order) (the moving party's burden of showing lack of feasibility arises out of Rule 19(b) rather than Rule 19(a)); *In re Racing Servs., Inc.*, 594 B.R. 678, 686 (Bankr. D.N.D. 2018) (holding that the burden is on the moving party to show that a necessary nonparty cannot be joined); *but see LST Fin., Inc. v. Four Oaks Fincorp, Inc.*, 2014 WL 3672982, at *4 n.2 (W.D. Tex. July 24, 2014) (nonmoving party who failed to respond to motion to dismiss had not shown that the necessary parties would be subject to personal jurisdiction).

By their own admission, defendants have not satisfied this burden. They do not know whether Trifecta is subject to this court's jurisdiction, and thus they do not know whether joinder would be feasible. Accordingly, the court denies defendants' Rule 12(b)(7) motion to dismiss for failure to join an indispensable party.

2

But even assuming that defendants' failure to show that the court lacks personal jurisdiction over Trifecta is not fatal to their motion, the court also denies the motion because defendants have failed to satisfy the requirements of Rule 19(a)(1)(A) and (B).

Rule 19(a)(1)(A) provides that a party is necessary if, "in that person's absence, the

court cannot accord complete relief among existing parties[.]" Defendants maintain that any relief would be inadequate in Trifecta's absence because BGP seeks injunctive relief, and "any relief accorded after-the-fact by parties and non-parties writing checks to one another would be incomplete." Ds. Br. (ECF No. 21) at 9. But defendants' argument overstates Trifecta's role in the ongoing distribution of the *Cheaters* episodes. Any prospective relief that could conceivably be granted in this case—at least on the present record—would circumscribe only defendants' actions. Defendants have failed to demonstrate that the mere fact that BGP has requested injunctive relief compels the conclusion that any relief afforded in Trifecta's absence would be incomplete. *See Broad. Music, Inc. v. Armstrong*, 2013 WL 3874082, at *5 (W.D. Tex. July 24, 2013) ("With regard to an injunction, complete relief is possible if an injunction can be crafted that would constitute meaningful relief."); *see also Inclusive Communities Project*, 2008 WL 5191935, at *9 (denying Rule 12(b)(7) motion to dismiss in part because the court would "be able to afford meaningful relief" to the plaintiff in the form of an injunction against the named defendant).

Rule 19(a)(1)(B) defines a required party as

> [a] person [who] claims an interest relating to the subject of the action *and* is so situated that disposing of the action in the person's absence may:
>      **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>      **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(Emphasis added).

- 11 -

Accordingly, several courts have held that the moving party must show that the absentee *claims an interest* relating to the subject of the lawsuit. *See, e.g.*, *Old Am. Cnty. Mut. Fire Ins. Co. v. Shook*, 2012 WL 13027060, at *4 (N.D. Tex. Dec. 19, 2012) (Godbey, J.); *Armstrong*, 2013 WL 3874082, at *6. "Such an interest must be a 'legally protected' one." *Conceal City, L.L.C. v. Looper L. Enf't, LLC*, 917 F.Supp.2d 611, 622 (N.D. Tex. 2013) (Fitzwater, C.J.) (citing *Cachil Dehe Ban of Wintun Indians v. California*, 547 F.3d 962, 970 (9th Cir. 2008)). And the interest "must be 'more than a financial stake, and more than speculation about a future event.'" *Id.* (quoting *Cachil Dehe Band*, 547 F.3d at 970).

Trifecta has not claimed any interest in the instant suit. *See Armstrong*, 2013 WL 3874082, at *6 ("[T]he fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action."). And the only interests that defendants identify are largely speculative. For instance, defendants posit that "upon seeing a ruling against Scripps, Trifecta *might* try to latch on and file its own duplicative lawsuit to ride [BGP's] coattails and force the burden and expense of a second lawsuit upon Scripps[.]" Ds. Br. (ECF No. 21) at 9-10. But it is unclear that Trifecta would have any duplicative claims to bring against Scripps, and, in any event, this "possible future harm" is not adequate to satisfy the requirements of Rule 19(a)(1)(B)(i). *See Conceal City*, 917 F.Supp.2d at 622.

Moreover, defendants' reliance on the Fifth Circuit's decisions in *Escamilla v. M2 Tech., Inc.*, 536 Fed. Appx. 417 (5th Cir. 2013), and *Ass'n of Co-op Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1143 (5th Cir. 1982), is misplaced. Both of these

- 12 -

cases involved trademark licensees suing third-party infringers; the courts concluded that the licensors of the trademarks—that is, the parties with ownership interests in the trademarks—were indispensable parties. *See, e.g.*, *Escamilla*, 536 Fed. Appx. at 420-21. The present case is distinguishable because Trifecta does not claim any ownership interest in the copyrights to the *Cheaters* episodes. The fact alone that the trademark owners in *Escamilla* and *Farmland* were termed "licensors" does not mean that a licensor is always an indispensable party. The *Escamilla* and *Farmland* panels emphasized the fact that the licensor was the one with ownership interest, *id.*; here, that party is BGP. Therefore, unlike in *Escamilla* and *Farmland*, where the panels noted the likelihood of duplicative lawsuits brought both by a licensee and a licensor, both of whom had an interest in the mark, *id.* at 421, there is little (or no) risk of two identical lawsuits here because Trifecta does not appear to have any ownership interest in the copyrighted content at issue. At most, Trifecta could bring a breach of contract claim against defendants, but it could not prevail in an infringement suit because BGP is the copyright owner.

Finally, defendants have not established that resolving this case in Trifecta's absence would lead to inconsistent obligations on the part of any existing party. The mere potential of multiple related lawsuits is insufficient to satisfy this prong of Rule 19. *See Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) ("The threat of multiple litigation will not make a party indispensable but the threat of inconsistent obligations will.").

Defendants have therefore failed to carry their burden of establishing that Trifecta is a necessary party under Rule 19(a). In light of this ruling, the court need not analyze the

factors outlined in Rule 19(b).  *See Walker v. Inter-Ams. Ins. Corp.*, 2004 WL 1620790, at *3 (N.D. Tex. July 19, 2004) (Buchmeyer, J.).  Accordingly, the court denies defendants' Rule 12(b)(7) motion to dismiss for failure to join an indispensable party.

\* \* \*

For the reasons explained, the court denies defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim and Rule 12(b)(7) motion to dismiss for failure to join an indispensable party.

**SO ORDERED**.

July 25, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 14 -